FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00474-BNB

TIMOTHY WELCH,

     Applicant,

v.

J. WANDS, Warden, et al.,

     Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Timothy Welch, is a prisoner in the custody of the United States

Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional

Institute (FCI) in Florence, Colorado.  Mr. Welch initiated this action by filing a **pro se**

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  He has paid the

$5.00 filing fee.

On March 31, 2011, Magistrate Judge Boyd N. Boland entered an order directing

Respondent to file a Preliminary Response and to address the affirmative defense of

exhaustion of administrative remedies.  Respondent was instructed that if she did not

intend to raise this affirmative defense to notify the Court of that decision in the

Preliminary Response.  On April 21, 2011, Respondent filed a Preliminary Response in

which she states that she does not intend to raise the affirmative defense of exhaustion

of administrative remedies.

The Court must construe the Applicant filed by Mr. Welch liberally because he is

not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and the action will be dismissed.

In the instant action, Mr. Welch alleges that he was arrested on a United States Marshal's warrant on May 1, 2006, and that the Louisiana Probation and Parole Department placed a probation hold on him on May 26, 2006. He alleges that he was "arrested, indicted and convicted by the Federal government and was continuously in federal jurisdiction." Application at 2. Mr. Welch argues that because "primary jurisdiction lay with the federal government, thus the awarding of jail time custody credits spend in official detention are [sic] warranted." *Id.* at 3. He asserts that, based on 18 U.S.C. § 3585(b), he is owed eight months and sixteen days towards his federal sentence for time allegedly spent in federal custody from May 2, 2006, to January 18, 2007. *Id.* at 2.

Calculation of a federal prison sentence is governed by 18 U.S.C. § 3585. The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241. Section 3585 provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the

sentence commences–

> (1) as a result of the offense for which the
> sentence was imposed; or

> (2) as a result of any other charge for which the
> defendant was arrested after the commission of the
> offense for which the sentence was imposed;

that has not been credited against another sentence.

Mr. Welch is correct that "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." *Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002). However, when a prisoner is subject to prosecution by more than one sovereign, "he may not complain of or choose the manner or order in which each sovereign proceeds against him." *Hayward v. Looney*, 246 F.2d 56, 57 (10th Cir. 1957). "Either the [f]ederal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner." *Id.* Furthermore, "[w]hether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity to be determined by the sovereign having custody." *Id.*

The Court has found under the U.S. Party/Case Index in PACER (Public Access to Court Electronic Records), by examining the docketing records in Mr. Welch's criminal case, *see United States v. Welch*, No. 05-cr-50111-01-TS-MLH (W.D. La. Jan. 18, 2007), that on January 11, 2007, after entering a guilty plea, Mr. Welch was sentenced to 46 months in the BOP. *See id.* at Doc. # 31.  On April 14, 2011, District Judge Tom Stagg set forth the following findings:

> Defendant, Timothy Welch ("Welch"), was indicted by a federal
> grand jury and charged in a one count indictment with being a felon in

3

possession of a firearm.  Welch pled guilty to the charge and on January
11, 2007, this court sentenced the defendant to forty-six months of
imprisonment.  Thereafter, on June 12, 2007, Welch was sentenced in
state court to a five-year term of imprisonment for a probation violation.
The state court specifically stated that the sentence was to run
consecutively with any other sentence.  Additionally, on May 20, 2008,
Welch was sentenced in state court to a seven year term of confinement
for possession of marijuana and resisting arrest.  Again, the state court
specifically stated that its sentence was to be consecutive to any other
sentence.

Welch served his state court sentence before his forty-six month
federal sentence.  The time he now seeks to have credited for his federal
sentence was time spent serving his state court sentence.  This court did
not make any statement during sentencing or in the judgment of conviction
regarding the consecutive or concurrent nature of other potential pending
state court sentences.  The state court, however, clearly expressed its
intent for its sentences to run consecutively to any other sentence, and
Welch's sentences are being served in accordance with that intent.
Furthermore, it was the intent, and now is the recommendation, of this
court that the federal and state sentences continue to run consecutively.

*See id.* at Doc. # 34.

The documents attached to the Application also demonstrate that Mr. Welch was

arrested by State of Louisiana officials for criminal conduct and probation violation on

May 1, 2006.  Application at 15.  Mr. Welch was then transferred to the custody of the

United States Marshal Service (USMS), and on January 11, 2007, he was sentenced in

the United States District Court for the Western District of Louisiana (Western District of

Louisiana) to a 46-month term of imprisonment for a Felon in Possession of a Firearm.

*Id.*  Mr. Welch was returned to state custody, on June 12, 2007, his state probation was

revoked, and he was sentenced to five years imprisonment for Possession of Crack

Cocaine.  *Id.*  On May 20, 2008, Mr. Welch was sentenced to a seven-year term in the

state court for Possession of Marijuana and Resisting an Officer, to run concurrent to

the five-year term.  *Id.*  On November 4, 2009, Mr. Welch was paroled from his state

4

term to the custody of the USMS, and began serving his federal sentence on that date.
*Id.* Further, it appears that Mr. Welch received credit towards his state sentence from
the date of his arrest, May 1, 2006, through the date of his parole to USMS custody on
November 4, 2009. *Id.* at 16.

In accordance with 18 U.S.C. § 3585, a federal sentence commences on the
date a defendant is received into custody, which in Mr. Welch's case was (at the
earliest) November 4, 2009, as set forth above.  Nothing in Mr. Welch's criminal
proceeding indicates that he was in federal custody prior to his state sentencing.  It also
is clear he was serving a state sentence until November 4, 2009, when he was released
on state parole, and any credit for this time is foreclosed under § 3585(b).  *See United
States v. Welch*, No. 05-cr-50111-01-TS-MLH (W.D. La. Jan. 18, 2007) at Doc. # 34.
Therefore, Mr. Welch's argument that he is entitled to credit against his federal
sentence for the same period of presentence confinement lacks merit because
"Congress made clear [in enacting § 3585(b)] that a defendant could not receive double
credit for his detention time." *Wilson*, 503 U.S. at 337.  As a result, the Court finds that
the BOP properly determined that Mr. Welch is not entitled to any credit against his
federal sentence for the period from May 1, 2006, until November 4, 2009.

Moreover, under 28 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed
at different times run consecutively unless the court orders that the terms are to run
concurrently."  In this case, both the state court and the federal court ordered that Mr.
Welch's federal sentence was to run consecutive to his state sentence.  The Court,
therefore, finds that Mr. Welch's claims lack merit and the action should be dismissed.
Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this __2nd__ day of _____May_____, 2011.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   11-cv-00474-BNB

Timothy Welch
Reg. No. 13176-035
FCI Florence
PO Box 6000
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 2, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                   Deputy Clerk